UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON MONCK,                    :
                                  :CIVIL ACTION NO. 3:15-CV-250
          Plaintiff,              :
                                  :(JUDGE CONABOY)
          v.                      :
                                  :
THE PROGRESSIVE CORPORATION,      :
THE PROGRESSIVE GROUP OF          :
INSURANCE COMPANIES, UNITED       :
FINANCIAL INSURANCE COMPANY,      :
                                  :
          Defendants.             :
                                  :
_____

**MEMORANDUM**

Here we consider Defendants' Motion to Dismiss (Doc. 5) filed on February 11, 2015.  With this motion, Defendants seek dismissal of several counts of Plaintiff's eight-count Complaint (Doc. 1-1), asserting that the counts for Underinsured Motorist Benefits (Count One), Breach of Contract (Count Two), and Insurance Bad Faith (Count Five) provide an adequate remedy for Plaintiff's claim for insurance benefits for any misconduct in relation to the handling of her underinsured motorist's claim.  (Doc. 5 at 2.)  For the reasons discussed below, we conclude Defendants' motion is properly granted.

**I. Background**

This matter arises as a result of Plaintiff's involvement in an automobile accident on or about July 8, 2013.  (Doc. 1-1 ¶¶ 7-9.)  Plaintiff was a passenger in a car driven by Christopher O'Brien.  (Doc. 1-1 ¶ 9.)  The O'Brien vehicle failed to stop at a

stop sign and was struck by a vehicle operated by Joseph Migatulski. (*Id.*)  Plaintiff claims that she sustained serious permanent injuries as a result of the collision.  (Doc. 1-1 ¶ 10.)

O'Brien had two third party liability automobile insurance policies with a combined total of $80,000.  ((Doc. 1-1 ¶ 22.)  The full amount of liability coverage was tendered and disbursed among seven parties who were injured as a result of the accident.  (*Id.*)  Plaintiff received $16,000 which she claims to be insufficient to compensate her for her injuries.  (*Id.*)

On August 14, 2013, Plaintiff's counsel requested that Defendant United Financial Casualty Company open a claim for underinsured motorist benefits and requested that an adjuster contact Plaintiff's counsel.[1]  (Doc. 1-1 ¶ 36; Doc. 6 at 2.)  Defendant issued a policy of insurance to Plaintiff's aunt and uncle, Mary Martin and Roland Marro, which was in effect at the relevant time.  (Doc. 1-1 ¶ 14.)  Plaintiff asserts that she is an insured under the policy which had $100,000 (stacked) in underinsured motorist benefits available to her under the policy. (Doc. 1-1 ¶ 21.)  With three vehicles insured under the policy, Plaintiff claims that a total of $300,000 of coverage is available to her.  (*Id.*)  Plaintiff maintains she is an insured under the policy because she meets the definition of "relative" in that she

---

[1]  Defendants note that Plaintiff incorrectly identifies United Financial Casualty Company as United Financial Insurance Company.  (Doc. 6 at 1.)

was living with Mary Martin and Roland Marro at the time of the accident.  (Doc. 1-1 ¶¶ 16-20.)  Defendant disputed Plaintiff's residency claim and advised Plaintiff's counsel on March 12, 2014, that Plaintiff's claim was being denied because she did not reside at the policy address.  (Doc. 1-1 ¶ 42.)

As a result of the failure to pay her claim for underinsured motorist benefits, Plaintiff filed her Complaint in the Court of Common Pleas of Lackawanna Count on or about January 15, 2015. (Doc. 12 at 11.)  Defendants removed the case to this Court on February 6, 2015.  (Doc. 1.)  As noted above, Defendants' Motion to Dismiss (Doc. 5) was filed on February 11, 2015.  Defendants' motion was accompanied by a supporting brief.  (Doc. 6.)  Plaintiff filed her opposition brief (Doc. 12) on March 17, 2015, after requesting and being granted an extension of time within which to do so (Docs. 8, 9).  With the filing of Defendants' reply brief (Doc. 17) on March 31, 2015, the motion was fully briefed and became ripe for disposition.

## II. Discussion

**A.   *Motion to Dismiss Standard***

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Courts are directed to "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530. *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts

5

> alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible
> claim for relief." *Id.* at 1950.  In other
> words, a complaint must do more than allege a
> plaintiff's entitlement to relief.  A
> complaint has to "show" such an entitlement
> with its facts.  *See Philips* [*v. Co. of
> Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )].  As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint
> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'" *Iqbal*,
> 129 S. Ct. at 1949.  This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense."  *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.   *Defendants' Motion***

With their Motion to Dismiss, Defendant's seek dismissal of

6

five counts contained in Plaintiff's eight-count complaint: Count Three for "Good Faith and Fair Dealing," Count Four for "Breach of Fiduciary Duty," Count Six for "Unfair Trade Practices and Consumer Protection Law" ("UTPCPL"), Count Seven for "Negligence," and Count Eight for "Vicarious Liability." (Doc. 5 at 2.) The remaining counts are Count One for Underinsured Motorist Benefits, Count Two for Breach of Contract, and Count Five for Insurance Bad Faith. (*Id.*) For the reasons discussed below, we conclude Defendants' motion is properly granted.

1. **Good Faith and Fair Dealing**

Defendants assert that Plaintiff's claim for Breach of Duty of Good Faith and Fair Dealing (Count Three) should be stricken because it is redundant to her Count Two Breach of Contract Claim and Count Five Bad Faith Claim. (Doc. 6 at 5-6.) We agree.

As recently discussed in *Cicon v. State Farm Mutual Automobile Insurance Co.*, Civ. A. No. 3:14-CV-2187, 2015 WL 926148, at *2-3 (M.D. Pa. Mar. 4, 2015), an independent claim for breach of the covenant of good faith and fair dealing is properly dismissed where the plaintiff brings a claim for first party insurance benefits and the complaint includes claims for breach of contract and bad faith.

In response to Defendants' argument that the claim for Breach of Duty of Good Faith and Fair Dealing should be stricken as redundant, Plaintiff argues that "Federal District Courts have recognized the existence of a cause of action for breach of the

implied covenant of good faith and fair dealings in both third party and first party insurance claims." (Doc. 12 at 13 (citing *Zaloga v. Provident Life And Accident Insurance Co. of America*, 671 F. Supp. 2d 623, 629 (M.D. Pa. 2009); *Smith v. Allstate Insurance Co.*, 904 F. Supp. 2d 5151, 521-22 (W.D. Pa. 2012)).) Plaintiff also urges the Court to follow *Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Illinois*, Civ. A. No. 3:00-CV-1173, 2000 WL 1853044 (M.D. Pa. Dec. 18, 2000), asserting the case recognized that the breach of the duty of good faith and fair dealing is a valid cause of action in this district. (Doc. 12 at 15.)

In *Cicon*, this Court clearly discounted reliance on *Zaloga* for the proposition again presented here.[2] *See* 2015 WL 926148, at *3. *Smith* offers no support for Plaintiffs' position that a *separate* claim based on the duty of good faith and fair dealing implied in a contract exists here. Rather, *Smith* acknowledged that "in Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract," 904 F. Supp. 2d at 521 (listing cases), and noted that the defendant correctly argued that "claims for breach of the contractual duty of good faith and fair dealing have been dismissed where [the plaintiff] also asserts a claim for breach of contract and [the plaintiff's] claims for breach of the duty of good faith and fair dealing is redundant," *id.* at 522 (citing inter

---

[2] Counsel for the plaintiffs is the same in both cases and *Cicon* was decided before Plaintiffs' filed their opposition brief here. Plaintiffs make no argument that *Cicon* is distinguishable.

8

alia *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 409 (W.D. Pa. 2011) (explaining that where plaintiff alleges defendant breached "duty of good faith and fair dealing by denying first party benefits under an insurance policy, said claim is subsumed by the plaintiff's breach of insurance contract claim premised on the same conduct")).

In *Smith*, the plaintiff did not assert a separate claim for breach of contract, nor had she previously settled a claim for breach of contract.  904 F. Supp. 2d at 522.  Here Plaintiff asserts a claim for breach of contract (Count Two) within which she alleges that the conduct complained of constitutes a breach of the policy's implied covenant of good faith and fair dealing (Doc. 1-1 ¶ 69) and Count Three for "Good Faith and Fair Dealing" relies upon the same conduct (*id.* ¶ 73).  Therefore, under the facts of this case, Plaintiff's claim for good faith and fair dealing is subsumed into her breach of contract claim.  While Plaintiff urges that the Court rely on *Guthrie*, 2000 WL 1853044, we decline to do so as Plaintiff has not presented any argument to undermine the more recent *Zaloga* and *Smith* and the cases relied upon therein. Further, as noted in *Bukofski v. USAA Casualty Insurance Company*, Civ. A. No. 3:08-CV-1779, 2009 WL 1609402, at *5 (M.D. Pa. June 9, 2009), *Guthrie* dealt with third party claims and was decided many years prior to relevant Pennsylvania court decisions.

**2.   Unfair Trade Practices and Consumer Protection Law**

Defendants next assert that Plaintiff's claim for a violation

of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") should be dismissed on three bases: Plaintiff failed to allege facts to support justifiable reliance on Defendants' alleged misconduct; a UPTCPL claim is barred by the economic loss doctrine; and there are no facts to support a claim for misfeasance.  (Doc. 6 at 5-13.)  Noting that she brings her claim under UTPCPL's "catch-all provision," 73 P.S. § 201-2(4)(xxi), Plaintiff maintains that Defendants' arguments are without merit and her UTPCPL claim is not subject to dismissal.  (Doc. 12 at 17-30.)

The UTPCPL provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by . . . this act . . . are hereby declared unlawful."  73 P.S. § 201-3.  The Supreme Court of Pennsylvania has stated that "the UTPCPL is to be liberally construed to effectuate its objective of protecting the consumers of this Commonwealth from fraud and unfair or deceptive business practices."  *Ash v. Continental Ins. Co.*, 932 A.2d 877, 881 (Pa. 2007).  As explained in *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553 (3d Cir. 2008),

> the UTPCPL is designed to protect the public from fraud and deceptive business practices. *Pirozzi v. Penskie Olds-Cadillac-GMC, Inc.*, 413 Pa. Super. 308, 605 A.2d 373, 375 (1992). The statute provides a private right of action for "[a]ny person who purchases . . . goods or services primarily for personal, family or household purposes and thereby

> suffers any ascertainable loss of money or
> property" on account of the seller's unfair
> or deceptive practices.  73 P.S. § 201-
> 9.2(a).

544 F.3d at 564.  "To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004); *see also Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008).  In a private action, a plaintiff must show that she suffered "an ascertainable loss *as a result of* the defendant's prohibited action." *Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 446 (Pa. 2001).  The catch-all provision of the UTPCPL defines as an unfair or deceptive practice "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 P.S. § 201-2(4)(xxi).

a.   **Justifiable Reliance**

Defendant first argues that Plaintiff's UTPCPL claim fails because she cannot establish that she relied on Progressive's alleged misconduct and that she suffered damage as a result of that reliance, and there are no set of facts under which she could establish the requisite element because the alleged misconduct occurred after the purchase of the policy at issue.  (Doc. 6 at 6-7.)  Plaintiff asserts that justifiable reliance is no longer a required element of a UTPCPL claim, and even if justifiable

11

reliance is required, she has sufficiently pled the element.   (Doc. 12 at 17-23.)

Relying on Pennsylvania law, the Court of Appeals for the Third Circuit has repeatedly found that a private plaintiff pursuing a claim under the UTPCPL must prove justifiable reliance. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012) (not precedential) (citing *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221, 224 (3d Cir. 2008)).   "This requirement derives from the statutory requirement that a plaintiff suffer loss 'as a result of' the defendant's deception."   *Smith v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-7589, 2012 WL 508445, at *4 (E.D. Pa. Feb. 16, 2012).   Because justifiable reliance is a necessary element for standing under the UTPCPL's private-plaintiff standing provision, and reliance cannot be presumed," dismissal of a UTPCPL claim is proper if the plaintiff does not allege actions pursued on the basis of the alleged wrongful conduct.   *Smith*, 506 F. App'x at 136 (citing *Hunt*, 538 F.3d at 227).

Plaintiff argues that a plaintiff bringing a claim under the catch-all provision no longer need prove the elements of common law fraud, including justifiable reliance.   (Doc. 12 at 17-18 (citing *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012); *Fazio v. Guardian Life Ins. Co. of America*, 62 A.3d 396, 409-10 (Pa. Super. Ct. 2012)).)

While the issue of the need to allege justifiable reliance

12

when asserting a defendant engaged in deceptive conduct under the
UTPCPL's catch-all provision, 73 P.S. § 201-2(4)(xxi), has been
debated in the Superior Court of Pennsylvania, a recent decision of
that court clarifies that a plaintiff must *always* allege
justifiable reliance in a UTPCPL private cause of action, including
when a plaintiff alleges deceptive conduct. *Kern v. Lehigh valley
Hospital, Inc.*, 108 A.3d 1281, 1288-89 (Pa. Super. Ct. 2015)
(discussing post-1996 UTPCPL amendment history on issue of
justifiable reliance). *Kern* explained that

> the element of justifiable reliance under the
> UTPCPL is the product of both (a) the
> Legislature's intent not to do away with
> traditional elements of reliance and
> causation under the UTPCPL, and (b) the
> express provision under 201-9.2 that requires
> a private action plaintiff to prove an
> "ascertainable loss . . . as a result of the
> use or employment by any person of a method,
> act or practice declared unlawful" under
> Section 201-3 [of] the UTPCPL.  83 P.S. §
> 201-9.2(a) (emphasis added). *See also
> Weinberg*, *Schwartz* [*v. Rockey*, 932 A.2d 885
> (Pa. 2007)], *supra*.  Accordingly, the element
> of justifiable reliance always was a part of
> private actions under the statutory language
> of the UTPCPL.  Amendments in 1996 that added
> deceptive conduct to the catchall provision
> simply included other conduct that did not
> require proof of all elements of common-law
> fraud. *See Bennett*, *supra*.

108 A.3d at 1289.

Having established that Plaintiff is required to show
justifiable reliance in relation to her UTPCPL claim, we now
proceed to the question of whether she has sufficiently pled this

13

element.   Defendant argues that Plaintiff cannot establish any set of facts under which Plaintiff can establish this element because Progressive's alleged misconduct could only occur after the purchase of the insurance policy at issue.  (Doc. 6 at 7.) Plaintiff asserts that she has properly pled justifiable reliance: 1) her Complaint alleges not only misconduct related to Defendants' handling and investigation of her claim, but also contains numerous other allegations of wrongdoing, including that Defendants made false or fraudulent statements related to the application for insurance; and 2) her Complaint contains allegations that she justifiably relied on the promises made by Defendants to pay underinsured motorist benefits.  (Doc. 12 at 21-22.)

First, we note that Plaintiff could not justifiably have relied on the way Defendants handled her claim.  "On 'issues such as liability, damages, coverage or even procedure, [UIM] claims . . . are inherently and unavoidably arm's length and adversarial.'" *Smith*, 2012 WL 508445, at *4.

Regarding Plaintiff's other allegations of UTPCPL wrongdoing, we conclude the conduct cited by Plaintiff (Doc. 12 at 21) lacks the specificity required to survive Defendants' motion to dismiss. Plaintiff presents only conclusory allegations of alleged wrongdoing and her related reliance.  (*See* Doc. 12 at 21-22.)  For example, Plaintiff does not identify the false or fraudulent statements allegedly made related to the application for insurance

14

or how she relied upon them; she does not identify how confusion was created, how advertising was misleading, or how Defendants failed to comply with the written terms of a guarantee or how she relied upon any of this allegedly wrongful conduct. (*Id.*)  Because Plaintiff has not alleged actions pursued on the basis of the allegedly wrongful conduct and this is a necessary element of her UTPCPL claim, this claim is properly dismissed.  *See*, *e.g.*, *Smith*, 506 F. App'x at 137.  Furthermore, contrary to Plaintiff's assertion that justifiable reliance is presumed in cases such as hers, *Smith* specifically stated that "reliance cannot be presumed" in a UTPCPL private plaintiff action.  506 F. App'x at 137.

Plaintiff has not satisfied the *Twombly*/*Iqbal* standard of pleading, and therefore her UTPCPL claim is properly dismissed. However, because we cannot say that Plaintiff can produce no set of facts related to pre-investigation conduct which could support a UTPCPL claim, we will allow her an opportunity to amend her Complaint as to this claim.[3]

**b.   Economic Loss Doctrine**

Defendants next argue that Plaintiff's UTPCPL claim must be dismissed because it is barred by the economic loss doctrine "'which prohibits plaintiffs from recovering in tort economic

---

[3]   We further note that to the extent Plaintiff alleges that Defendants engaged in fraudulent conduct (*see*, *e.g.*, Doc. 1-1 ¶ 60(jjj); Doc. 12 at 21), she is under a heightened burden to allege with particularity the circumstances constituting fraud pursuant to Federal Rule of Civil Procedure 9(b).

losses to which their entitlement flows only from a contract.'"
(Doc. 6 at 9 (quoting *Werwinski, v. Ford Motor Co.*, 286 F.3d 661,
664 (3d Cir. 2002)).)  Plaintiff asserts that her UTPCPL claim is
not barred by the doctrine: the Pennsylvania Supreme Court has not
decided the issue; the economic loss doctrine applies only to
claims involving purely economic losses and Plaintiff also alleges
physical and emotional injuries; the Pennsylvania Superior Court
has expressly rejected the application of the doctrine to UTPCPL
claims; and Federal Courts have questioned the application of the
doctrine to UTPCPL claims.  (Doc. 12 at 22-27 (citations omitted).)

Despite the parties' extensive discussion of this issue, we
decline to further address the application of the economic loss
doctrine to Plaintiff's UTPCPL claim at this time as we have
determined that the claim is properly dismissed.  In *Puggi v.
Allstate Property and Casualty Insurance Co.*, Civ. A. No. 11-2996,
2011 WL 2982990, at *3 n.4 (E.D. Pa. July 22, 2011), the court
followed this approach in the context of a UTPCPL claim based on
failure to pay UIM benefits where the court had determined the
claim was properly dismissed but granted an opportunity to amend.
The court did so because it was unclear whether the plaintiff would
be able to aver a sufficient UTPCPL claim and "there is a
suggestion from some courts that the nature of the intentional
misconduct at issue in the UTPCPL may be determinative of whether
the economic loss doctrine applies.  *Id.* (citing *Martin v. Ford*

16

*Motor Co.*, 765 F. Supp. 2d 673, 684 (E.D. Pa. Feb. 15, 2011)).)

**c.    Misfeasance**

Defendants assert that a UTPCPL claim requires a party to allege malfeasance (the improper performance of a contractual obligation) while Plaintiff has alleged only nonfeasance (an insurer's refusal to pay a claim).  (Doc. 6 at 11-13 (citations omitted).)  Plaintiff asserts that she has sufficiently alleged misfeasance.  (Doc. 12 at 27-30.)  Because we grant Defendants' motion to dismiss Plaintiff's UTPCPL claim and allow her an opportunity to amend, further discussion of this issue is not appropriate at this time as any determination must be based on the contours of the specific claim asserted.

**3.    Gist of the Action Doctrine**

Defendants next argue that Plaintiff's claims for Breach of Fiduciary Duty (Count Four) and Negligence (Count Seven) are barred by the gist of the action doctrine in that they are wholly dependent on the terms of the insurance policy.  (Doc. 6 at 13.) Plaintiff maintains that the gist of the action doctrine does not bar these claims.  (Doc. 12 at 30-34.)

The gist of the action doctrine has been described as follows:

> [P]ersuasive authority interpreting Pennsylvania law has restated the gist of the action doctrine in a number of similar ways. These courts have held that the doctrine bars tort claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where

17

> the liability stems from a contract; or (4)
> where the tort claim essentially duplicates a
> breach of contract claim or the success of
> which is wholly dependent on the terms of the
> contract.

*eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002) (internal quotations and citations omitted).

As recently decided by this Court in *Cicon v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 3:14-CV-2187, 2015 WL 926148 (M.D. Pa. Mar. 4, 2015), the gist of the action doctrine barred a plaintiff's negligence claim in the context of the plaintiff's request for UIM benefits where the plaintiff's complaint included allegations of improper investigation and handling of the claim.  2015 WL 926148, at *3-4; *see also Bukofski v. USAA Casualty Insurance Company*, Civ. A. No. 3:08-CV-1779, 2009 WL 1609402, at *6 (M.D. Pa. June 9, 2009).  Plaintiff's counsel having made the same argument in *Cicon*, Plaintiff does not distinguish this case from that decision, nor does Plaintiff point to facts in this case which differ from those found relevant in *Cicon*.  We find no basis upon which to distinguish the cases.  Therefore, consistent with our *Cicon* decision, we conclude Plaintiff's Negligence claim (Count Seven) is properly dismissed.[4]

---

[4]  Pennsylvania courts have recognized that the gist of the action doctrine may not apply to claims for fraud in the inducement.  *eToll*, 811 A.2d at 17 & n.7; *see also Advanced Tubular Products, Inc. v. Solar Atmosphere, Inc.*, 149 F. App'x 81, 85 (3d Cir. 2005) (not precedential); *McWalters v. State Farm Mut Auto. Ins. Co.*, Civ. A. No. 10-4289, 2011 WL 2937417, at *4 (E.D. Pa. July 21, 2011); *Lombardi v. Allstate Insurance Co.*, Civ. A. No. 08-

Similarly, Plaintiff's Breach of Fiduciary Duty claim is dependent on the insurance contract and is subject to dismissal because it is redundant of the breach of contract claim.  *Tippett v. Ameriprise Ins. Co.*, Civ. A. No. 14-4710, 2015 WL 1345442, at *7 (E.D. Pa. Mar. 25, 2015) (citing *Tubman v. USAA Casualty Ins. Co.*, 943 F. Supp. 2d 525, 531 (E.D. Pa. Apr. 30, 2013)); *see also Bukofski*, 2009 WL 1609402, at *6.  Having determined that Plaintiff's Breach of Fiduciary Duty claim is properly dismissed, we need not decide whether an insurer owes a fiduciary duty to an insured in the context of a UIM claim though several district courts have addressed this issue and found that an insurer does not assume a fiduciary duty toward an insured for UIM claims.  *See*, *e.g.*, *Tubman*, 943 F. Supp. 2d at 528.

## 4.  **Vicarious Liability**

Defendants last argument is that Plaintiff's claim for Vicarious Liability should be dismissed because Defendants' agents and employees cannot be liable to Plaintiff.  (Doc. 6 at 16.) Plaintiff responds that she has sufficiently pled a claim for vicarious liability

Asserting that "[i]n Pennsylvania, 'an employer is vicariously liable for the negligent acts of his employee which cause injuries to a third-party, provided that such acts were committed during the

---

949, 2009 WL 1811540, at *8 (W.D. Pa. June 23, 2009).  However, Plaintiff has not sufficiently pled such fraud.

course of and within the scope of the employment,'" (Doc. 12 at 36 (quoting *Valles v. Albert Einstein Medical Center*, 758 A.2d 1238, 1244 (Pa. Super. Ct. 2000)), Plaintiff maintains that Defendants are responsible for the actions of their agents including Mary Kennedy, the person to whom Plaintiff's UIM claim was assigned (Doc. 12 at 36; Doc. 1-1 ¶ 36).  Plaintiff avers that "regardless of the existence of a contractual relationship between Plaintiff and Defendants [sic] agents and or employees, the Defendants remain liable for the gross, negligent, intentional, fraudulent, and deceitful conduct of its agents and employees."  (Doc. 12 at 36.)

Having determined that Plaintiff has not presented facts which would give rise to an independent claim for negligence, Plaintiff's claim for vicarious liability is properly dismissed.  Plaintiff's contract related claims are based on allegations of wrongdoing by Defendants' agents and or employees, and Defendants are liable for the wrongdoing of these individuals under contract theory.  *See Cicon*, 2015 WL 926148, at *4 n.4; *see also Tippett*, 2015 WL 1345442, at *5.  Because there is no authority supporting an independent relationship between an insurer's agents and or employees and an insured, no vicarious liability can be found. 2015 WL 1345442, at *5; *see also Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668 (Pa. 1970).

### III. Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss

(Doc. 5) is granted.  Count Three for "Good Faith and Fair Dealing," Count Four for "Breach of Fiduciary Duty," Count Six for "Unfair Trade Practices and Consumer Protection Law" ("UTPCPL"), Count Seven for "Negligence," and Count Eight for "Vicarious Liability" are dismissed.  The UTPCPL claim (Count Six) is dismissed without prejudice; Counts Three, Four, Seven and Eight are dismissed with prejudice.  Counts One, Two and Five go forward in their entirety.  An appropriate Order is filed simultaneously with this action.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: April 13, 2015